# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARRY KELLER, Derivatively on Behalf of SELLAS LIFE SCIENCES GROUP, INC. (f/k/a GALENA BIOPHARMA, INC.),<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM L. ASHTON, RICHARD CHIN, IRVING M. EINHORN, STEPHEN GALLIKER, MARY ANN GRAY, SANFORD J. HILLSBERG, RUDOLPH NISI,<br><br>Defendants,<br><br>and,<br><br>SELLAS LIFE SCIENCES GROUP, INC. (f/k/a GALENA BIOPHARMA, INC.),<br><br>Nominal Defendant. | Case No.: 2:17-cv-01777-KM-JBC |

*Additional Caption On Next Page*

| | |
|---|---|
| REED JOHNSON and JAMES KEAHEY, derivatively on behalf of SELLAS LIFE SCIENCES GROUP, INC. (f/k/a GALENA BIOPHARMA, INC.),<br><br>Plaintiff,<br><br>vs.<br><br>MARK W. SCHWARTZ, RYAN M. DUNLAP, CHRISTOPHER S. LENTO, REMY BERNARDA, WILLIAM L. ASHTON, RICHARD CHIN, IRVING M. EINHORN, STEPHEN GALLIKER, MARY ANN GRAY, SANFORD J. HILLSBERG, STEVEN A. KRIEGSMAN, and RUDOLPH NISI,<br><br>Defendants,<br><br>and<br><br>SELLAS LIFE SCIENCES GROUP, INC. (f/k/a GALENA BIOPHARMA, INC.),<br><br>Nominal Defendant. | Case No.: 2:18-cv-00903-KM-JBC |

# EXHIBIT B

## [PROPOSED] PRELIMINARY APPROVAL ORDER

**Presented to the court for preliminary approval is a settlement of all claims asserted against all Defendants in the above-captioned actions. The terms of the Settlement are set out in a Stipulation of Settlement executed by counsel for the Settling Parties as of June 15, 2021 ("Stipulation"). All capitalized terms**

1

used herein have the meanings set forth and defined in the Stipulation, unless otherwise defined herein.

The Court, upon reviewing the Stipulation, declares that it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. SELLAS Life Sciences Group, Inc. was formerly known as Galena Biopharma, Inc. ("Sellas").

2. The Court retains exclusive jurisdiction over the above-captioned derivative action, to consider all further matters arising out of or connected with the Settlement.

3. The Court preliminarily finds that the proposed Settlement should be approved as being fair, reasonable, adequate, and in the best interests of Sellas and its shareholders.

4. In connection with preliminary approval of the proposed Settlement, the Court preliminarily finds, for purposes of the Settlement, that the Derivative Action was properly brought pursuant to Federal Rule of Civil Procedure 23.1 as shareholder derivative action on behalf of Sellas, and that Plaintiffs Larry Keller, Reed Johnson and James Keahey ("Plaintiffs") have fairly and adequately represented the interests of Sellas shareholders in enforcing the rights of Sellas.

5. A hearing ("**Final Hearing**") will be held on **November 19, 2021 at 3:00 p.m.** via Zoom before the Honorable Kevin McNulty of the United States

District Court for the District of New Jersey, pursuant to Federal Rule of Civil Procedure 23.1, to among other things: (i) determine whether the proposed Settlement is fair, reasonable and adequate and in the best interests of Sellas and Sellas shareholders; (ii) consider any objections to the Settlement submitted in accordance with the notice in the form attached as Exhibit B-1 to the Stipulation ("Notice"); (iii) determine whether a Final Judgment substantially in the form attached as Exhibit C to the Stipulation should be entered, dismissing all claims in the Derivative Action with prejudice and releasing the Released Claims against the Released Persons; (iv) consider the payment to Plaintiffs' counsel of attorneys' fees and for the reimbursement of expenses ("Fee and Expense Award"); (v) consider the payment of Service Awards to James Keahey, Daniel Grunfeld and James Jacobs to be paid from the Fee and Expense Award; and (vi) consider any other matters that may properly be brought before the Court in connection with the Settlement.

6.     Sellas shall cause the Notice of the proposed Settlement, in the form attached as Exhibit B-1 to the Stipulation, to be issued to set forth the date for the Final Hearing at which the Court will decide whether to grant final approval of the Settlement.  The Notice shall also include the general terms of the proposed Settlement set forth in the Stipulation, contact information for Plaintiffs' Counsel,

3

the date of the Final Hearing, and shall note that a copy of the Stipulation of Settlement is posted on the Company's website.

7. Within twenty (20) days of the entry of this Order, Sellas shall: (1) post a copy of the Notice and the Stipulation of Settlement on the Company's website; (2) publish the Notice one time in an edition of *Investor's Business Daily*; and (3) file the Notice as an attachment to a Form 8-K filed with the Securities and Exchange Commission. The Notice shall provide a link to Sellas's website where the Notice and Stipulation of Settlement may be viewed. Sellas shall be solely responsible for paying the costs and expenses related to providing Notice of the Settlement set forth in this paragraph.

8. The Settling Parties believe the content and manner of such procedure constitutes adequate and reasonable notice to Sellas Shareholders pursuant to applicable law. Such notice is hereby found to be reasonable and sufficient under the circumstances, to comply with the provisions of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process of the United States Constitution, and to constitute due and sufficient notice to all Persons affected by the proposed Settlement and entitled to participate in the Final Hearing. Non-material changes to the form of the Notice may be made upon agreement by the Parties without further approval of the Court.

9. At least ten (10) days prior to the Final Hearing, counsel for Sellas shall file proof by declaration of the posting and publication of the Notice, as set forth in Paragraph 7 above.

10. Any Sellas Shareholder who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Stipulation, or to the proposed Fee and Expense Award and Service Awards, may file an objection. An objector must file with the Court a written statement of his, her or its objection(s): (a) clearly indicating that objector's name, mailing address, daytime telephone number, and e-mail address (if any); (b) stating that the objector is objecting to the proposed Settlement and/or proposed Fee and Expense Award and Service Awards; (c) specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (d) identifying and supplying documentation showing how many shares of Sellas common stock the objector owned as of June 15, 2021, when the objector purchased or otherwise acquired such shares, and whether the objector still owns any such Sellas shares.

11. The objector must file such objections and supporting documentation with the Clerk of the Court, U.S. District Court, District of New Jersey, United States Courthouse, Martin Luther King Building & U.S. Courthouse 50 Walnut Street Newark, NJ 07101, not later than twenty-one (21) days prior to the Final

Hearing, and, by the same date, copies of all such papers must also be received by each of the following persons:

**Counsel for Plaintiffs:**
Timothy Brown
THE BROWN LAW FIRM, P.C.
240 Townsend Square
Oyster Bay, New York 11771

Thomas J. McKenna
GAINEY McKENNA & EGLESTON
501 Fifth Avenue, 19th Floor
New York, New York 10017

**Counsel for Defendants and Sellas:**
Shahzeb Lari
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004

David Resnicoff
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, IL 60602

Richard M. Strassberg
Caroline H. Bullerjahn
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210

An objector may file an objection on his, her or its own or through an attorney hired at his, her or its own expense. If an objector hires an attorney to represent him, her or it for the purposes of making such objection pursuant to this paragraph, the attorney must effect service of a notice of appearance on the counsel listed above

6

and file such notice with the Court no later than twenty-one (21) days before the Final Hearing. Any Sellas Shareholder who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Any submissions by the Parties in support of final approval of the Settlement shall be filed with the Court and served at least twenty-eight (28) days before the Final Hearing, and any submissions by the Parties in opposition to objections or in reply shall be filed with the Court no later than seven (7) days before the Final Hearing.

  12. Any objector who files and serves a timely, written objection in accordance with the instructions above and herein, may appear at the Final Hearing either in person or through counsel retained at the objector's expense. Objectors need not attend the Final Hearing, however, in order to have their objections considered by the Court. Timely objectors or their attorneys intending to appear at the Final Hearing are required to indicate in their written objection (or in a separate writing submitted to the counsel listed in the preceding paragraph no later than twenty-one (21) days prior to the Final Hearing) that they intend to appear at the Final Hearing and identify any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Hearing. Objectors or their attorneys intending to appear at the Final Hearing must also, no later than twenty-one (21)

7

days prior to the Final Hearing, file with the Court, and serve upon counsel listed in the above paragraph, a notice of intention to appear, setting forth the name and address of anyone intending to appear. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Hearing, except for good cause shown.

13. Defendants' Counsel and Plaintiffs' Counsel shall promptly furnish all Settling Parties with copies of any and all objections and notices of intention to appear that come into their possession.

14. Pending final determination of whether the Settlement should be approved, Plaintiffs and all other Sellas Shareholders, and anyone who acts or purports to act on the behalf of Sellas or Sellas's Shareholders, shall not institute, prosecute, participate in, or assist in the institution, prosecution, participation or assertion of, any Released Claim against any of the Released Persons.

15. This Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties if the Settlement is terminated in accordance with the Stipulation. In such event, paragraphs IX.13 and IX.15 of the Stipulation shall govern the rights of the Settling Parties.

16. This Order shall not be construed or used as an admission, concession, or presumption by or against any of the Released Persons of any fault, wrongdoing, breach, or liability or as a waiver by any Settling Party of any arguments, defenses,

or claims he, she, or it may have in the event that the Stipulation is terminated, nor shall it be used in any manner prohibited by paragraphs X.16 and X.17 of the Stipulation. In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or presumption by or against the Released Persons or the Plaintiffs.

17. All proceedings in this action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Order. This Court retains exclusive jurisdiction over the Derivative Action to consider all further matters arising out of or connected with the Settlement.

18. The Court reserves the right to approve the Stipulation and the Settlement with modifications agreed to by the Parties and without further notice to any Sellas Shareholders. The Court further reserves the right to adjourn the date of the Final Hearing or modify any other dates set forth herein without further notice to Sellas Shareholders and retains jurisdiction to consider all further matters related to the Derivative Action or the Settlement. The Court may decide to hold the Final Hearing telephonically or via video without further notice to Sellas shareholders. Any Sellas shareholder (or his, her or its counsel) who wishes to appear at the Final Hearing should consult the Court's calendar and/or the Sellas corporate website for any change in date, time or format of the Final Hearing.

IT IS SO ORDERED.

DATED: <u>SEPTEMBER 10, 2021</u>

/s/ Kevin McNulty
_____
HONORABLE KEVIN McNULTY
U.S. DISTRICT COURT JUDGE