# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARRY KELLER, Derivatively on Behalf of SELLAS LIFE SCIENCES GROUP, INC. (f/k/a GALENA BIOPHARMA, INC.),<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM L. ASHTON, RICHARD CHIN, IRVING M. EINHORN, STEPHEN GALLIKER, MARY ANN GRAY, SANFORD J. HILLSBERG, RUDOLPH NISI,<br><br>Defendants,<br><br>and,<br><br>SELLAS LIFE SCIENCES GROUP, INC. (f/k/a GALENA BIOPHARMA, INC.),<br><br>Nominal Defendant. | Case No.: 2:17-cv-01777-KM-JBC |

*Additional Caption On Next Page*

| | |
|---|---|
| REED JOHNSON and JAMES KEAHEY, derivatively on behalf of SELLAS LIFE SCIENCES GROUP, INC. (f/k/a GALENA BIOPHARMA, INC.),<br><br>　　Plaintiff,<br><br>　　vs.<br><br>MARK W. SCHWARTZ, RYAN M. DUNLAP, CHRISTOPHER S. LENTO, REMY BERNARDA, WILLIAM L. ASHTON, RICHARD CHIN, IRVING M. EINHORN, STEPHEN GALLIKER, MARY ANN GRAY, SANFORD J. HILLSBERG, STEVEN A. KRIEGSMAN, and RUDOLPH NISI,<br><br>　　Defendants,<br><br>　　and<br><br>SELLAS LIFE SCIENCES GROUP, INC. (f/k/a GALENA BIOPHARMA, INC.),<br><br>　　Nominal Defendant. | Case No.: 2:18-cv-00903-KM-JBC |

## **FINAL JUDGMENT**

This matter came before the Court for a hearing pursuant to the Order of this Court entered on September 10, 2021 ("Preliminary Approval Order"), on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement executed by counsel for the Settling Parties as of June 15, 2021 (the "Stipulation"). All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

1

The Court has received a declaration (1) attesting to the posting of the Notice and the Stipulation on the Company's website; (2) publication of the Notice one time in an edition of *Investor's Business Daily*; and (3) the filing of the Notice as an attachment to a Form 8-K filed with the Securities and Exchange Commission. Therefore, due and adequate notice having been given to Sellas Shareholders as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings in the Derivative Action and otherwise being fully informed of the matters herein, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of the Derivative Action, including the terms and conditions of the Stipulation and all exhibits thereto, and over the Settling Parties to the Stipulation.

2. Based on evidence submitted by counsel for Sellas, the Court finds that the Notice was posted, published, and filed according to this Court's Preliminary Approval Order. This Court further finds that the form and content of the Notice, as previously preliminarily approved by the Court, complied with the requirements of Federal Rule of Civil Procedure 23.1, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein.

3. A full opportunity has been offered to Sellas Shareholders to object to the proposed Settlement and to participate in the hearing thereon, and, as such, all Sellas Shareholders are bound by this Order.

4. The Settlement is found to be fair, reasonable, adequate and in the best interests of Sellas and Sellas Shareholders.

5. The Court finds, for settlement purposes that: (1) the Derivative Action was properly brought as a shareholder derivative suit pursuant to Federal Rule of Civil Procedure 23.1; and (2) Plaintiffs adequately represented the interests of Sellas Shareholders in enforcing the rights of Sellas.

6. The Stipulation and the terms of the proposed Settlement set forth therein are, in all respects, hereby finally approved. The Settling Parties to the Stipulation are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. In accordance with Paragraph III.o. of the Stipulation, for purposes of this Final Judgment, the term "Released Persons" means: (a) Sellas and the Defendants, as well as any person, partnership, bank, firm, corporation, limited liability company, trust or other entity or organization in which Sellas or any Defendant has a controlling interest or which is or was related to or affiliated with any of them; and (b) with respect to each of the Persons in subsection (a), their respective past, present or future directors and officers, including but not limited to

Mark W. Schwartz, Ryan M. Dunlap, Christopher S. Lento, Remy Bernarda, William L. Ashton, Richard Chin, Irving M. Einhorn, Stephen Galliker, Mary Ann Gray, Sanford J. Hillsberg, Steven A. Kriegsman, and Rudolph Nisi, and their respective past, present or future employees, insurers, reinsurers, attorneys, agents, partners, principals, advisors, investment advisors, auditors, accountants, trustees, underwriters, investment bankers, subsidiaries, parents, successors, predecessors, heirs, Immediate Family, and anyone acting or purporting to act for or on behalf of any of them or their successors.

8. In accordance with Paragraph III.n. of the Stipulation, for purposes of this Final Judgment, the term "Released Claims" means: any and all claims, rights, demands, causes of action or liabilities of any kind, nature and character whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law, or any other law, rule or regulation, whether foreign or domestic, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether known or unknown including, without limitation, Unknown Claims (as defined below) (collectively "Claims") against any of the Released Persons that have been, could have been, or could in the future be, asserted in the Derivative Actions or in any other derivative action in any other forum or proceeding by any Person

(including but not limited to Plaintiffs) derivatively on behalf of Sellas, or by Sellas itself against any of the Released Persons that arise out of or are related, directly or indirectly, in any way to:

      (a)    any of the facts, matters, occurrences, actions, practices, conduct, events, transactions, statements, disclosures, representations, misrepresentations, omissions, or failures to act that were involved, set forth, referred to, asserted, alleged, or that could have been alleged in the Derivative Actions including, but not limited to, claims for securities law violations, breach of fiduciary duty, abuse of control, mismanagement, gross mismanagement, waste of corporate assets, unjust enrichment, contribution and indemnification, money damages, disgorgement, any and all demands, actions, damages, claims, rights or causes of action, or liabilities whatsoever; or

      (b)    that would have been barred by res judicata had the Derivative Actions been fully litigated to a final judgment, *provided that* Released Claims shall not include claims to enforce the Settlement. Notwithstanding the foregoing, "Released Claims" also does not include the claims asserted in the Securities Action, *In Re Galena Biopharma, Inc. Securities Litigation,* Civil Action No. 2:17cv929 (D. N.J.).

    9.    In accordance with Paragraph III.t. of the Stipulation, for purposes of this Final Judgment the term "Unknown Claims" shall mean: any Released Claims

that Plaintiffs, Sellas or any Sellas Shareholder (claiming in the right of, or on behalf of, Sellas) does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement. Unknown Claims include those claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden. With respect to any and all Released Claims, Plaintiffs and Sellas stipulate and agree that, upon the Effective Date, they shall expressly waive, and every Sellas Shareholder shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her would have materially affected his or her settlement with the debtor or released party.**

Plaintiffs and Sellas shall expressly waive, and every Sellas Shareholder shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or

6

territory of the United States, or principle of common law or foreign law, which is similar, comparable or equivalent in effect to California Civil Code § 1542.

Plaintiffs, Sellas and any Sellas Shareholder may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs and Sellas shall expressly have, and every Sellas Shareholder shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs and Sellas acknowledge, and every Sellas Shareholder shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waivers were separately bargained for and a key element of the Settlement.

10.     The Derivative Action and all claims contained therein, as well as all Released Claims, are hereby dismissed with prejudice in their entirety, on the merits,

7

as against all Released Persons. Each party shall bear its own fees and costs, except as set forth herein.

11. Upon the Effective Date, Plaintiffs, Sellas and all current and former Sellas Shareholders, on behalf of themselves, and each of their respective personal representatives, Immediate Family, trustees, heirs, executors, administrators, parent entities, associates, affiliates, predecessors, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, settled and discharged all Released Claims (including Unknown Claims) against the Released Persons and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting any Released Claim against any of the Released Persons, or assisting any Person in instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting any Released Claim against any of the Released Persons. Nothing herein shall in any way impair or restrict the rights of any of the Settling Parties to enforce the terms of this Stipulation.

12. Upon the Effective Date, the Released Persons shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with

8

the defense, institution, prosecution, assertion, settlement, or resolution of the Released Claims. Nothing herein shall in any way impair or restrict the rights of any of the Settling Parties to enforce the terms of this Stipulation.

13. Plaintiffs' Counsel are hereby awarded attorneys' fees and a reimbursement of expenses collectively totaling $270,000.00 ("Fee and Expense Award"). This Court finds that this amount is fair and reasonable under the facts and circumstances of this case. Payment of such award of attorneys' fees and reimbursement of expenses shall be made in accordance with the provisions of the Stipulation.

14. James Keahey, Daniel Grunfeld and James Jacobs are each awarded Service Awards in the amount of $2,500.00, which shall be funded from the Fee and Expense Award.

15. This Final Judgment, the Stipulation and all of its provisions, and any negotiations, proceedings or agreements relating to the Stipulation and the Settlement, and any matters arising in connection with such negotiations, proceedings or agreements, and any acts performed or documents executed pursuant to or in furtherance of this Stipulation:

(a) shall not be offered or received against any of the Released Persons as evidence of a presumption, concession, or admission of any kind;

9

    (b) shall not be offered or received against any of the Released Persons as evidence of an admission by any of those Released Persons with respect to the truth of any fact alleged in any of the Derivative Actions or the validity of any Released Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the Released Persons;

    (c) shall not be offered or received against the Released Persons as evidence of any fault, misrepresentation, omission or other actionable conduct with respect to any statement or written document approved or made by any of the Released Persons;

    (d) shall not be offered or received against the Released Persons as evidence of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Persons, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Released Persons may refer to it to effectuate the release of Released Claims and other liability protections granted them hereunder;

  (e) shall not be construed against any of the Released Persons as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

  (f) shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit; and

  (g) shall not, in the event of a Termination, be used by any Party for any purpose in any trial in any of the Derivative Actions, provided that, any Party may file or introduce this Stipulation and/or the Final Judgment in any action or proceeding that may be brought to enforce the terms of this Stipulation and/or the Final Judgment, or any action or proceeding related to rights or claims of Defendants relating to indemnification and/or advancement in connection with the Derivative Actions.

16. Except in the event of a Termination, the Settling Parties agree not to assert under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, that the Derivative Actions were brought or defended in bad faith or without a reasonable basis. The Settling Parties agree that the terms of this Settlement were negotiated at arms' length and in good faith by the Settling Parties and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with their respective experienced legal counsel.

17. Without in any way affecting the finality of this Final Judgment, this Court shall retain jurisdiction over the Settling Parties to the Stipulation and the Released Persons with respect to all matters related to the Derivative Action and over all proceedings related to the implementation and enforcement of the terms of the Stipulation, including all matters pertaining to requests for attorneys' fees and expenses.

18. This Settlement shall be a final and complete resolution of all disputes among the parties. No party to the Stipulation may assert in any forum that any of the Derivative Actions were brought, commenced or prosecuted by the Plaintiffs or their counsel in bad faith or that the Derivative Actions were not filed or raised in good faith or were not settled voluntarily after negotiating at arm's-length and in good faith after consultation with competent legal counsel.

19. Nothing in this Final Judgment constitutes or reflects a waiver, release or discharge of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives.

20. The Settling Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Stipulation and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Stipulation

are done in accordance with the terms of Paragraph XI.19 of the Stipulation, are not materially inconsistent with this Final Judgment and do not materially limit the rights of Sellas Shareholders or the Released Persons under the Stipulation.

21.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the provisions of Paragraph IX.15 of the Stipulation shall apply.

22.     The provisions of this Final Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment. The Clerk is hereby directed to immediately enter this Final Judgment.

IT IS SO ORDERED.

Dated: 11/19/2021         /s/ Kevin McNulty
                          HONORABLE KEVIN McNULTY
                          U.S. DISTRICT COURT JUDGE